IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT POPE, MICHELE NICHOLSON, ANN THRELKELD, and VERTONIA JARRETT, *Individually and on behalf of others similarly situated,* | CIVIL NO. |
| Plaintiffs, | |
| v. | |
| MARTIN & BRUNAVS, ATTORNEYS AT LAW, A PROFESSIONAL ASSOCIATION; PHILIP L. MARTIN, P.C.; G. ALFRED BRUNAVS, P.C.; PHILIP L. MARTIN; G. ALFRED BRUNAVS; and WYSHONIA SHAW | |
| Defendants. | |

## <u>COMPLAINT</u>

### INTRODUCTION

Plaintiffs Robert Pope, Michele Nicholson, Ann Threlkeld, and Vertonia Jarrett, by and through the undersigned counsel, bring this complaint for damages and other relief on behalf of themselves and others similarly situated against Defendants and state and allege as follows:

## PARTIES

1.      Plaintiff Robert Pope is a resident of Fairburn, Georgia.

2.      Plaintiff Michele Nicholson is a resident of Jonesboro, Georgia.

3.      Plaintiff Ann Threlkeld is a resident of Flowery Branch, Georgia.

4.      Plaintiff Vertonia Jarrett is a resident of Decatur, Georgia.

5.      Defendant Martin & Brunavs, Attorneys at Law, A Professional Association ("Martin & Brunavs PA") is an unincorporated professional association located at 2800 N. Druid Hills Rd., NE, Building B, Suite 100, Atlanta, GA 30329.

6.      Martin & Brunavs PA was formed under and is subject to the laws of Georgia and has not filed with the Secretary of State a designated officer or agent upon whom service shall be had.

7.      Therefore, pursuant to Federal Rule of Civil Procedure 4(h) and O.C.G.A. § 9-2-25, Martin & Brunavs PA may be served with the summons and the complaint in this action by service upon any of its officers, official members, managing agents, and/or general agents, including but not limited to Defendant Philip L. Martin, Defendant G. Alfred Brunavs, or Defendant Wyshonia Shaw.

8.      Defendant Philip L. Martin, P.C. ("Martin PC") is a domestic Georgia corporation with its principal office address, as recorded with the Georgia

Secretary of State, being 2800 N. Druid Hills Road NE, #B-1, Atlanta, Georgia 30329-3908.

9.      Martin PC may be served with the summons and the complaint in this civil action by service upon its registered agent, Philip L. Martin at 2800 N. Druid Hills Rd., B-100, Atlanta, Georgia 30329.

10.     Defendant Philip L. Martin ("Martin") is an individual who resides in Atlanta, Georgia and who may be served with the summons and the complaint in this civil action pursuant to Federal Rule of Civil Procedure 4(e).

11.     Defendant G. Alfred Brunavs, P.C. ("Brunavs PC") is a domestic Georgia corporation with its principal office address, as recorded with the Georgia Secretary of State, being 2800 N. Druid Hills Road NE, B-100, Atlanta, Georgia 30329.

12.     Brunavs PC may be served with the summons and the complaint in this civil action by service upon its registered agent, G. Alfred Brunavs at 2800 N. Druid Hills Rd. NE, B-100, Atlanta, Georgia 30329.[1]

---

[1] In Brunavs PC's corporate records on file with the Georgia Secretary of State, its registered agent's zip code is recorded as being "30319". However, based on the address given for Brunavs PC's principal office address and other records, Plaintiffs have determined that the proper zip code is 30329.

13.     Defendant G. Alfred Brunavs ("Brunavs") is an individual who resides in Atlanta, Georgia and who may be served with the summons and the complaint in this civil action pursuant to Federal Rule of Civil Procedure 4(e).

14.     Defendant Wyshonia Shaw ("Shaw") is an individual who resides in Atlanta, Georgia and who may be served with the summons and the complaint in this civil action pursuant to Federal Rule of Civil Procedure 4(e).

## JURISDICTION AND VENUE

15.     Named Plaintiffs, on behalf of themselves and others similarly situated, bring this collective action against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") for failure to pay overtime compensation at the proper rate as required by the FLSA, and, therefore, this Court has original jurisdiction over this case based on 28 U.S.C. § 1331.

16.     Under 28 U.S.C. § 1391 and Local Rule 3.1, venue is proper in the Atlanta Division of the United States District Court for the Northern District of Georgia because: (1) Defendants reside within the state of Georgia, and, more specifically, Defendants reside within the Atlanta Division of the Northern District of Georgia and (2) a substantial part of the events or omissions giving rise to Plaintiffs' claims, as described in this complaint, occurred within the Atlanta Division of the Northern District of Georgia.

17.     Defendant Martin is the CEO of Defendant Martin PC.

18.     Defendant Martin is a partner attorney with Defendant Martin & Brunavs PA.

19.     Defendant Brunavs is the CEO of Defendant Brunavs PC.

20.     Defendant Brunavs is a partner attorney with Defendant Martin & Brunavs PA.

21.     Defendants Martin, Martin PC, Brunavs, and Brunavs PC jointly own Defendant Martin & Brunavs PA.

22.     Defendant Shaw is the Chief Operations Officer responsible for the day-to-day operations of Martin & Brunavs PA.

23.     On information and belief, Defendant Shaw is also responsible for the day-to-day operations of Martin PC and Brunavs PC.

24.     Together, Defendants Martin PC, Martin, Brunavs PC, Brunavs, and Shaw operate Martin & Brunavs PA.

25.     Defendants Martin PC, Brunavs PC, and Martin & Brunavs PA performed related business activities through a unified operation and common control using the same office space, business equipment, and employees for the common business purpose of providing legal services to their clients.

26.     Therefore, Defendants Martin PC, Brunavs PC, and Martin & Brunavs PA constitute a joint enterprise for the purposes of the FLSA.

27.     Martin & Brunavs PA is "a full service law firm specializing in providing [its] clients the highest quality of legal services."

28.      Martin & Brunavs PA offers "a wide array of general practice legal services including Bankruptcy, Foreclosure, Eviction and Real Estate Closings."

29.     Martin & Brunavs PA provides legal services to its clients throughout the United States.

30.     Martin & Brunavs PA regularly transacts business with companies, clients, other law firms, and other attorneys located outside of the State of Georgia, including, but not limited to attorneys associated with Martin & Brunavs PA as "Of Counsel" who are located in Texas, Mississippi, and Alabama.

31.     Therefore, Martin & Brunavs PA has been and continues to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

32.     On information and belief, Martin & Brunavs PA has had an annual gross volume of sales made or business done in excess of $500,000.00 for the three years prior to the filing of this complaint.

33.     During their employment with Martin & Brunavs, Named Plaintiffs and those whom they seek to represent were regularly engaged in interstate commerce and/or in the production of goods for commerce, including, but not limited to, regularly using the instrumentalities of interstate commerce in their work, e.g., engaging in the regular and recurrent use of interstate telephone, mails, and online services (including, for example, the Federal Judiciary's Public Access to Court Electronic Records ("PACER") service).

34.     Named Plaintiffs and the individuals whom they seek to bring this collective action on behalf of are individuals who have been employed as paralegals and/or legal assistants by the Defendants for the three years prior to the filing of this complaint and continuing through the duration of this action who have worked more than 40 hours in a workweek but have not been paid at the proper overtime rate as required by the FLSA ("Paralegals").

**FACTUAL ALLEGATIONS IN SUPPORT OF CLAIM THAT DEFENDANTS ARE EMPLOYERS OF NAMED PLAINTIFFS AND OTHERS SIMILARLY SITUATED**

35.     As a partner attorney with Martin & Brunavs PA and CEO of Martin PC, Defendant Martin controls, determines, and directs the day-to-day operations of Defendant Martin & Brunavs PA.

36.     As a partner attorney with Martin & Brunavs PA and CEO of Brunavs PC, Defendant Brunavs controls, determines, and directs the day-to-day operations of Defendant Martin & Brunavs PA.

37.     As the COO of Martin & Brunavs, Defendant Shaw controls, determines, and directs the day-to-day operations of Defendant Martin & Brunavs PA.

38.     Defendant Martin sets and determines (either alone or jointly with one or more of the other Defendants) Martin & Brunavs PA's payroll, compensation, scheduling, and other employment policies and practices, including the policies and practices that form the basis of this lawsuit.

39.     Defendant Brunavs sets and determines (either alone or jointly with one or more of the other Defendants) Martin & Brunavs PA's payroll, compensation, scheduling, and other employment policies and practices, including the policies and practices that form the basis of this lawsuit.

40.     Defendant Shaw sets and determines (either alone or jointly with one or more of the other Defendants) Martin & Brunavs PA's payroll, compensation, scheduling, and other employment policies and practices, including the policies and practices that form the basis of this lawsuit.

41.     For example Defendants Martin, Brunavs, and Shaw developed and implemented the "Martin & Brunavs Law Firm, LP Employee Manual" ("Employee Manual").

42.     A true and correct copy of the Employee Manual is attached to this complaint as Exhibit A.

43.     The Employee Manual "is generally applicable to all employees and support staff", including Named Plaintiffs and the other Paralegals, during their employment with Martin & Brunavs PA.  *See* Exhibit A at 1.

44.     The Employee Manual contains payroll, compensation, scheduling, and other employment policies and practices, including the policies and practices that form the basis of this lawsuit, that govern the terms and conditions of employment for the Named Plaintiffs and the other Paralegals, including but not limited to policies regarding: outside employment, employee assignments, working hours, breaks and lunch hours, work performed outside the office, regularly scheduled work hours, overtime, compensation for authorized overtime, tardiness and early departure, and other payroll, compensation, scheduling, and other employment policies and practices, including the policies and practices that form the basis of this lawsuit.

45.     Defendant Martin has the authority to hire and fire Named Plaintiffs and the other Paralegals.

46.     Defendant Brunavs has the authority to hire and fire Named Plaintiffs and the other Paralegals.

47.     Defendant Shaw has the authority to hire and fire Named Plaintiffs and the other Paralegals.

48.     Defendant Martin directly supervised and controlled the work schedules and other terms of employment of the Named Plaintiffs and the other Paralegals.

49.     Defendant Brunavs directly supervised and controlled the work schedules and other terms of employment of the Named Plaintiffs and the other Paralegals.

50.     Defendant Shaw directly supervised and controlled the work schedules and other terms of employment of the Named Plaintiffs and the other Paralegals.

51.     By way of example, Defendants Martin, Brunavs, and Shaw implemented a "mandatory Saturday" policy and practice, which required Named Plaintiffs and the other Paralegals to work at least one Saturday per month without any additional pay.

52.     By way of further example, Defendants Martin, Brunavs, and Shaw required, on some occasions, that Named Plaintiffs and the other Paralegals bring their lunch on their "mandatory Saturday" so that they could eat at their desk to eliminate the lunch hour.

53.     Attached as Exhibit B is a true and correct copy of an email sent from Mary Darling (with Defendant Shaw "carbon copied" on the email) to Named Plaintiff Pope as well as other Paralegals regarding a "mandatory Saturday" scheduled for March 24, 2012.

54.     Attached as Exhibit C is a true and correct copy of email correspondence between Defendant Shaw and Named Plaintiff Pope in which Defendant Shaw instructed Named Plaintiff Pope that "typically your [Pope's] mandatory 1st & 3rd work Saturday will fall on everyone else's mandatory Saturday, this means you cannot be exempt from working.  Mary doesn't know this, however, I expect you to tell her, per my instructions you still have to come in."

55.     Defendant Martin (alone or jointly with one or more of the other Defendants) determined and/or determines the rate and method of payment for the Named Plaintiffs and the other Paralegals.

56.    Defendant Brunavs (alone or jointly with one or more of the other Defendants) determined and/or determines the rate and method of payment for the Named Plaintiffs and the other Paralegals.

57.    Defendant Shaw (alone or jointly with one or more of the other Defendants) determined and/or determines the rate and method of payment for the Named Plaintiffs and the other Paralegals.

58.    Defendant Martin maintains employment records of the Named Plaintiffs and the other Paralegals.

59.    Defendant Brunavs maintains employment records of the Named Plaintiffs and the other Paralegals.

60.    Defendant Shaw maintains employment records of the Named Plaintiffs and the other Paralegals.

61.    As a partner attorney with Defendant Martin & Brunavs PA and CEO of Martin PC, Defendant Martin has the authority to make binding policy decisions for Martin & Brunavs PA.

62.    Because the Named Plaintiffs and the other Paralegals are not authorized to practice law in the State of Georgia, Defendant Martin is required to supervise the work he delegates to the Named Plaintiffs and the other Paralegals, and he has complete professional responsibility for the work produced.

63.     As a partner attorney with Defendant Martin & Brunavs PA and CEO of Brunavs PC, Defendant Brunavs has the authority to make binding policy decisions for Martin & Brunavs PA.

64.     Because the Named Plaintiffs and the other Paralegals are not authorized to practice law in the State of Georgia, Defendant Brunavs is required to supervise the work he delegates to the Named Plaintiffs and the other Paralegals, and he has complete professional responsibility for the work produced.

65.     Some or all of the Named Plaintiffs and other Paralegals have had work delegated to them by both Defendant Martin and Defendant Brunavs.

66.     As COO of Defendant Martin & Brunavs PA, Defendant Shaw has the authority to make binding policy decisions for Martin & Brunavs PA.

67.     On information and belief, Defendants Martin PC and Brunavs PC control Defendant Martin & Brunavs PA through common corporate ownership, common corporate officers, and common ownership of business and work-related facilities, fixtures, and investments.

68.     Named Plaintiffs and the other Paralegals have performed work that benefits Martin PC and Brunavs PC, as well as the other Defendants.

69.     Defendant Martin & Brunavs PA was an employer of the Named Plaintiffs and the other Paralegals for the purposes of the FLSA.

70.     Defendant Martin PC was an employer of the Named Plaintiffs and the other Paralegals for the purposes of the FLSA.

71.     Defendant Martin was an employer of the Named Plaintiffs and the other Paralegals for the purposes of the FLSA.

72.     Defendant Brunavs PC was an employer of the Named Plaintiffs and the other Paralegals for the purposes of the FLSA.

73.     Defendant Brunavs was an employer of the Named Plaintiffs and the other Paralegals for the purposes of the FLSA.

74.     Defendant Shaw was an employer of the Named Plaintiffs and the other Paralegals for the purposes of the FLSA.

## FACTUAL ALLEGATIONS IN SUPPORT OF
## PLAINTIFFS' CLAIM FOR OVERTIME

75.     Named Plaintiff Pope began working for Martin & Brunavs PA on or about December 28, 2009.

76.     Pope's employment with Martin & Brunavs PA terminated on or about April 16, 2012.

77.     Pope's starting rate of pay was approximately $31,500.00 per year, which was his rate of pay throughout his employment with Martin & Brunavs PA.

78.     Named Plaintiff Nicholson began working for Martin & Brunavs PA on or about June 15, 2011.

14

79.   Nicholson's employment with Martin & Brunavs PA terminated on or about March 15, 2012.

80.   Nicholson's starting rate of pay was approximately $37,000.00 per year, which was her rate of pay throughout her employment with Martin & Brunavs PA.

81.   Named Plaintiff Threlkeld began working for Martin & Brunavs PA on or about November 22, 2010.

82.   Threlkeld's employment with Martin & Brunavs PA terminated on or about May 17, 2011.

83.   Threlkeld's starting rate of pay was approximately $34,500.00 per year, which was her rate of pay throughout her employment with Martin & Brunavs PA.

84.   Named Plaintiff Jarrett began working for the predecessor firm to Martin & Brunavs PA on or about February 28, 2000.

85.   On December 7, 2011, Defendant Shaw informed Jarrett that she was an "inactive" employee.

86.   Jarrett has not received any separation papers, but she no longer works for Martin & Brunavs PA, and she is no longer receiving any pay or benefits from Martin & Brunavs PA.

87.   Jarrett's starting rate of pay was $8.00 per hour.

88.   In 2009, Jarrett's rate of pay was $29,000.00 per year.

89.   As employees of Martin & Brunavs PA, the Named Plaintiffs and the other Paralegals' primary duty consisted of providing support and assistance to attorney Defendant Martin and attorney Defendant Brunavs in their legal representation of their clients and their providing of legal services to their clients.

90.   The Named Plaintiffs and the other Paralegals generally perform the same or substantially similar work duties as employees of Martin & Brunavs PA.

91.   The Named Plaintiffs and the other Paralegals' primary duties included, for example, providing clients with status updates, preparing drafts of briefs and other documents, assisting with legal research, filing documents using the Federal Court System's CM/ECF Document Filing System, using the Federal Court System's PACER system to search for documents and filings, and preparing attorney Defendants Martin and Brunavs for hearings and for trial.

92.   The Employee Manual provides that there are five employee classifications: attorneys, paralegals, legal assistants, receptionist/secretary, and part-time employees.  *See* Exhibit A at 6.

93.   In practice, Martin & Brunavs PA does not distinguish between paralegals and legal assistants, both of which perform essentially the same or

substantially similar job duties, i.e., providing support and assistance to attorney Defendant Martin and attorney Defendant Brunavs in their legal representation of their clients and their providing of legal services to their clients.

94.     The Named Plaintiffs and other Paralegals are all either paralegals or legal assistants employed by Martin & Brunavs PA.

95.     The Employee Manual states in part:

**_Employee Classifications_**

There are two (2) employee classifications: exempt and non-exempt. Exempt employees DO NOT receive overtime pay for hours worked in excess of 40 hours per week. Non-exempt employees do receive overtime compensation for hours worked in excess of 40 hours. The complete detailed definitions for both an exempt and non-exempt employee can be found in Title 29, U.S.C.A. § 213. M & B employs both exempt and non-exempt employees as follows:

| Exempt Employees | Non-Exempt Employees |
|---|---|
| Attorneys | Part-Time Employees |
| Paralegal | |
| Legal Assistant | |
| Receptionist/Secretary | |

_See_ Exhibit A at 6.

96.     However, Named Plaintiffs and the other Paralegals were not exempt employees.

97.     For example, Named Plaintiffs and the other Paralegals did not qualify for the executive exemption because their primary duty did not consist of

management of the Defendants' enterprise or a recognized department or subdivision thereof as required by 29 C.F.R. § 541.100, and they did not supervise any other employees.

98.   By way of further example, Named Plaintiffs and the other Paralegals did not qualify for the administrative exemption because their duties do not involve the exercise of discretion and independent judgment of the type required by 29 C.F.R. § 541.200.

99.   By way of further example, Named Plaintiffs and the other Paralegals do not qualify for the learned professional exemption because their occupation lacks a requirement of knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction as required by 29 C.F.R. § 541.300.

100.   By way of further example, Martin & Brunavs PA had an actual practice of making deductions from the pay of the Named Plaintiffs and the other Paralegals for, among other reasons, partial day absences.

101.   Therefore, the Named Plaintiffs and the other Paralegals were not paid on a bona fide salary basis.

102.   The Employee Manual also states in part:

> EXEMPT EMPLOYEES are expected to work whatever hours are
> necessary to perform at the level of standard required by the Firm.  The Firm

18

anticipates that forty hours per week will be the minimum hours required to achieve its standard.

*See* Exhibit A at 10.

103.   Named Plaintiffs and the other Paralegals were and/or are frequently required to work more than 40 hours per workweek, but they are not paid at the overtime rate required under the FLSA.

104.   For at least the three years prior to the filing of the complaint initiating this action, Defendants have had a policy and practice of not recording the actual hours the Named Plaintiffs and other Paralegals worked.

## COUNT I

### WILLFUL FAILURE TO PAY NAMED PLAINTIFFS AND THE OTHER PARALEGALS OVERTIME FOR ALL HOURS WORKED IN EXCESS OF 40 PER WORKWEEK

105.   Defendants failed to maintain accurate records of the Named Plaintiffs and the other Paralegals' actual hours worked.

106.   Therefore, Defendants failed to comply with the record-keeping requirements of the FLSA.

107.   Defendants suffered or permitted the Named Plaintiffs and the other Paralegals to perform compensable work in excess of 40 hours per workweek.

108.   For example, Defendants have a policy and practice of requiring that the Named Plaintiffs and other Paralegals work at least 40 hours per workweek. *See* Exhibit A at 10.

109.   By way of further example, Defendants have implemented the "mandatory Saturday" policy and practice, according to which Paralegals are required to work at least one Saturday per month without any additional pay.

110.   However, Defendants failed to pay overtime wages to Named Plaintiffs and the other Paralegals at the appropriate rate as required by the FLSA and its implementing regulations.

111.   Defendants' failure to pay proper overtime wages for each hour worked over 40 per workweek was intentional and willful within the meaning of 29 § U.S.C. 255, particularly in light of the fact that the Employee Manual cites the FLSA but then classifies all employees other than part-time employees as exempt. *See* Exhibit A at 6.

112.   Defendants are jointly and severally liable to Named Plaintiffs and the other Paralegals for their unpaid overtime wages and an equal amount in liquidated damages.

113.   Named Plaintiffs and the other Paralegals are also entitled to attorney's fees and costs incurred in connection with this claim.

**PRAYER FOR RELIEF**

Based on the allegations set forth in this complaint and the evidence as it is developed in this case, Named Plaintiffs, on behalf of themselves and others similarly situated, respectfully pray that the Court:

- certify this action as a collective action pursuant to the FLSA;

- enter judgment in favor of Named Plaintiffs and all other Paralegals who opt into this action;

- enter judgment against Defendants that their violations of the FLSA were willful;

- award the Named Plaintiffs and all other Paralegals who opt into this action their unpaid back wages;

- award the Named Plaintiffs and all other Paralegals who opt into this action an amount equal to their unpaid wages as liquidated damages as provided for under the FLSA;

- award the Named Plaintiffs and all other Paralegals who opt into this action their attorneys' fees and litigation costs incurred in prosecuting these claims as provided for under the FLSA; and

- grant the Named Plaintiffs and all other Paralegals who opt into this action all other further relief as the Court deems just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Named Plaintiffs, on behalf of themselves and all others similarly situated, demand a trial by jury.

Dated:  April 16, 2012

Respectfully submitted,

s/G. Blake Andrews
Gary Blaylock "Blake" Andrews, Jr.
Georgia Bar No. 019375
Blake Andrews Law Firm, LLC
2221 Peachtree Road NE, Suite X5
Atlanta, GA 30309
Telephone: 770-828-6225
Facsimile: 866-828-6882
blake@blakeandrewslaw.com

**MAYS & KERR LLC**
229 Peachtree Street
International Tower | Suite 980
Atlanta, GA 30303
Telephone:   (404) 410-7998
Facsimile:    (877) 813-1845
Attorneys for Plaintiff

s/Jeff Kerr
_____
Jeff Kerr
Ga. Bar No. 634260
jeff@maysandkerr.com

s/John Mays
_____
John L. Mays
Ga. Bar No. 986574
john@maysandkerr.com